(No. 2842—

WALTER J. WOLF, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 10, 1938.*

ODE L. RANKIN and BEN A. STEWART, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The claimant charges that his automobile was being driven and operated by his father, Charles J. Wolf, on January 6, 1936 at about 9:45 A. M. on Washington Boulevard at and near Lathrop Avenue in the Village of River Forest, Cook County, Illinois, and at that time a truck owned by the State Highway Department and operated by one of its employees was being operated in the same direction as his automobile; that the truck suddenly swerved to the left without signalling the driver of the automobile, and ran into and struck the automobile to plaintiff's damage in the sum of approximately One Hundred Dollars ($100.00).

The Attorney General filed a motion to dismiss this cause for the reason that it sought to recover damages sustained by the automobile of claimant in a collision with a truck owned and operated by the Division of Highways, it being alleged that such collision was the result of the negligence and carelessness of the driver of the truck, who was an employee of the Division of Highways, and therefore the State is not liable for such damages.

The Attorney General filed his brief and therein stated that as a proposition of law the State is not liable for damages to property caused by the negligent and careless operation of one of the trucks by its employee, the doctrine of respondeat superior not being applicable to the State, and cited

> *Wetherholt* vs. *State,* 8 C. C. R. 100;
> *Trompeter* vs. *State,* 8 C. C. R. 141;
> *Unverfehrt* vs. *State,* 8 C. C. R. 577.

The claimant filed a brief in opposition wherein it is contended that this claim comes within the exception to the general rule relied upon by the Attorney General in support of his motion to dismiss. However, they say in their brief that "the general rule is well established that the doctrine of respondeat superior does not apply to the State in the exercise of its governmental functions," and then argue that this court

has recognized exceptions to the general rule of non-liability where the injuries complained of are directly attributable to grossly reckless wanton or wilful acts on the part of a servant of the State and the claimant is free from all contributory negligence in connection with the injury.

It is also argued that this claim should be allowed on the grounds of equity and good conscience.

This court has had occasion and has passed upon the liability of the State in cases of this kind, many, many times, and we have held that such liability does not exist. Several years ago there were a large number who felt that a distinction should be made in cases where an employee of the State had been guilty of gross negligence and caused damage to another when such injured person had been entirely free from negligence. At two different times bills were introduced in the legislature to correct this situation, but neither time did either bill become a law, so it may be said that the public policy of Illinois so far as this rule is concerned, is pretty well established.

In this case, counsel rely upon equity and good conscience rule.

In *Crabtree* vs. *State of Illinois*, 7 C. C. R. 207, we held that the provisions of paragraph 4 of Section 6 of Court of Claims Act with reference to equity and good conscience merely defines the jurisdiction of the court and does not create a new liability against the State nor increase or enlarge any existing liability and limits jurisdiction of court to claims under which State would be liable in law or equity, if it were suable, and where claimant fails to bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure one.

The motion on behalf of the Attorney General to dismiss will, therefore, be sustained and cause dismissed.